UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-6487-CAS (JEMx) | Date | September 13, 2012 |
|---|---|---|---|
| Title | AURORA LOAN SERVICES, LLC V. CHERIE J. MORGAN, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants |
| Not Present | | Not Present |

**Proceedings:** (In Chambers:) ORDER REMANDING CASE TO LOS ANGELES COUNTY SUPERIOR COURT

I.  INTRODUCTION

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of September 24, 2012, is hereby vacated, and the matter is taken under submission.

On May 1, 2012, plaintiff Aurora Loan Services LLC filed the instant unlawful detainer action against *pro se* defendants Cherie J. Morgan and Mike Kelly in the Los Angeles County Superior Court. On June 8, 2012, defendants untimely removed to this Court. Plaintiff moved to remand. On July 19, 2012, the Court granted plaintiff's motion. See 2:12-cv-05015-CAS-(JEMx), Dkt. No. 9.

On July 27, 2012, defendants again removed to this Court. Plaintiff filed a motion to remand on August 23, 2012. In its motion, plaintiff also seeks an order barring future removals in this action and attorney's fees. Defendants have not filed any opposition.

II.  ANALYSIS

As an initial matter, the Court finds that the notice of removal was untimely, as before. Pursuant to 28 U.S.C. §1446(b), a notice of removal in a civil action must be filed within thirty days after the defendant receives a copy of the complaint or summons. Here, the action was initiated on May 6, 2012, yet defendants did not remove until July 27, 2012. For this reason alone, remand is appropriate.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-6487-CAS (JEMx) | Date | September 13, 2012 |
|---|---|---|---|
| Title | AURORA LOAN SERVICES, LLC V. CHERIE J. MORGAN, ET AL. | | |

In addition, the law is clear that "[u]nlawful detainer actions are strictly within the province of state court." Federal Nat'l Mort. Assoc. v. Suarez, 2011 U.S. Dist. LEXIS 82300, *6 (E.D. Cal. Jul. 27, 2011); Deutsche Bank Nat'l Trust Co. v. Leonardo, 2011 U.S. Dist. LEXIS 83854, *2 (C.D. Cal. Aug. 1, 2011) ("[T]he complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law."). A defendant's attempt at creating federal subject matter jurisdiction by adding claims or defenses to a notice of removal must fail. McAtee v. Capital One, F.S.B., 479 F.3d 1143, 1145 (9th Cir. 2007).

Here, the only claim asserted by plaintiff is for unlawful detainer against defendant. See Dkt. No. 1. Defendant cannot create federal subject matter jurisdiction by adding claims or asserting defenses. McAtee, 479 F.3d at 1145. In addition, there is no diversity jurisdiction because the plaintiffs' claim for damages is less than $10,000 and defendants are residents of the forum state. See 28 U.S.C. § 1332; 1441(b). Accordingly, the Court lacks subject matter jurisdiction and must remand. Suarez, 2011 U.S. Dist. LEXIS 82300 at *6.

In accordance with the foregoing, the action is hereby REMANDED to the Los Angeles County Superior Court. Plaintiff's request for attorney's fees is denied. Defendants are admonished that any attempt to remove this action again may result in an award of attorney's fees against defendants as well as other monetary sanctions.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |